UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MATTHEW STONECYPHER, an individual,

Plaintiff,

v.

IASCO FLIGHT TRAINING, INC., a California corporation,

Defendant.

No. 2:17-cv-02409-MCE-EFB

**MEMORANDUM AND ORDER**

In this action, Plaintiff Matthew Stonecypher ("Plaintiff") seeks damages from his former employer, Defendant IASCO Flight Training, Inc. ("Defendant" or "IASCO"), for alleged violations of various wage and hour laws, wrongful termination, and retaliation. Presently before the Court are two motions: Defendant's Motion to Dismiss (ECF No. 22-1) pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, and Plaintiff's Motion to Amend the Pretrial Scheduling Order (ECF No. 24), which would allow discovery and, accordingly, permit the adjudication of this case to proceed. For the reasons set forth below, Plaintiff's Motion to Amend the Pretrial Scheduling Order is GRANTED, and Defendant's Motion to Dismiss is DENIED.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Plaintiff was employed by Defendant IASCO, a flight training school in Redding, California, as a Certified Flight Instructor for about six months before he was terminated on or about August 22, 2017. Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 27 at 1:6-7. While Plaintiff was employed by Defendant, he witnessed several alleged violations of the Federal Aviation Administration regulations and the California Labor Code, including, but not limited to, improper classification as an exempt employee. Id. at 1:7-17. As a result, Plaintiff filed the instant lawsuit on November 15, 2017. Id. at 2:7-9. On that same day, this Court issued an Initial Pretrial Scheduling Order ("IPTSO") which stated that discovery was to be completed within 365 days from the date of filing. Def.'s Mem. Supp. Mot. to Dismiss, ECF No. 22-1 at 3:26-4:14. In addition to commencing the present action, Plaintiff also filed an administrative complaint just under a month later, on November 14, 2017, with the California Occupational Safety and Health Administration. That complaint was subsequently referred to the U.S. Department of Labor ("DOL") for federal investigation. Pl.'s Mot. to Amend, ECF No. 24 at 7:22-24.

On January 5, 2018, Defendant filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and Motion to Strike (the "first Motion to Dismiss"). Id. 8:11-12. Shortly thereafter, on January 11, 2018, Defendant's counsel informed Plaintiff that Defendant did not want to expend unnecessary resources in discovery, but instead wanted to explore alternative dispute resolution ("ADR"). Id. at 8:18-20. The parties agreed to ADR through the DOL and subsequently agreed to participate in mediation in mid-June 2018. Id. at 8:21-28. On June 8, 2018, Plaintiff's counsel was informed that Joseph Breen, Esq. ("Breen") would be substituting in as new counsel for Defendant, and that mediation would be postponed for Breen to get up to speed with the case. Id. at 9:3-12.

On September 17, 2018, this Court issued an order granting Defendant's Motion to Dismiss with leave to amend. Id. at 9:16-18. On October 5, 2018, Plaintiff filed his

First Amended Complaint. Id. at 9:18-19. Additionally, on or about October 10, 2018, Plaintiff requested that the DOL resume its investigation. Id. at 9:19-21. Shortly thereafter, and once Plaintiff was informed a new federal investigator was assigned to the administrative complaint, Breen informed Plaintiff that Defendant did not wish to expend any resources in discovery and instead wanted to resume settlement negotiations. Id. at 9:21-26. Beginning in approximately November of 2018, the parties began to exchange settlement demands for a global settlement. Id. at 10:7-10. On or about December 19, 2018, Plaintiff learned that yet another new federal investigator would take over the investigation. Id. at 10:10-13.

In early January 2019, Breen informed Plaintiff that Defendant wanted to explore private mediation. The parties then began to meet and confer regarding proposed mediators and suspended the federal investigation to allow the parties to conserve resources toward a fruitful mediation. Id. at 10:14-18. Ultimately, the parties agreed to mediator Michelle Reinglass and scheduled mediation to occur on April 25, 2019. Id. at 10:18-20. On March 11, 2019, Defendant reneged on the parties' agreement to Michelle Reinglass, and the federal investigator informed the parties that in the interest of justice, he would be resuming the federal investigation. Id. at 10:25-27

Defendant subsequently provided a list of alternative mediators, but as of April 2019, the parties were unable to reach any agreement. Id. at 10:24-28. On April 9, 2019, in a telephonic discovery conference, Plaintiff explained to Defendant that the parties needed to jointly stipulate to extend discovery deadlines that had passed. Id. at 11:4-6. Defendant then requested that Plaintiff prepare the initial draft for a joint Rule 26 report. Id. at 11:7-8. On April 15, 2019, Plaintiff emailed both of the documents to Defendant. Id. at 11:8-10. Defendant nonetheless rejected Plaintiff's request to engage in a joint discovery conference, and on May 3, 2019 reiterated its prior proposal the parties seek informal resolution in lieu of expending costs in discovery and litigation. Id. at 11:13-15.

///

On or about May 16, 2019, the parties agreed to explore the Court's Voluntary Dispute Resolution ("VDR") program but were apparently unable to coordinate a time to further discuss that process. Id. at 11:16-18. Then, approximately two months later, on August 15, 2019, Defendant filed the Motion to Dismiss for failure to prosecute currently before this Court. Pl.'s Opp'n to Def.'s Mot. To Dismiss, ECF No. 27 at 6:19-21. Significantly, on September 5, 2019, Plaintiff learned that the DOL adopted the federal investigator's recommendation of a merit finding against Defendant. Id. at 6:24-26.

**STANDARD**

### A. Dismissal under Federal Rule of Civil Procedure 41(b)

Under Federal Rule of Civil Procedure 41(b), "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Rule 41(b) requires that plaintiffs prosecute their claims with "reasonable diligence" to avoid dismissal.[2] Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'" Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "The pertinent question . . . is not simply whether there has been any, but rather whether there has been sufficient delay or prejudice to justify a dismissal of the plaintiff's case." Id. Moreover, to the extent that delay has been occasioned by "what appears to be a good faith error rather than any willful failure to prosecute," dismissal for delay in prosecution is not indicated. Cox v. Cnty. of Yuba, No. 2:09-cv-01894-MCE-JFM, 2011 WL 590733, *1, *5 (E.D. Cal. Feb. 10, 2011).

Rule 41(b) has been deemed "so harsh a penalty it should be imposed as a sanction only in extreme circumstances." Lal v. California, 610 F.3d 518, 525 (9th Cir. 2010) (quoting Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996)). In

---

[2] Similarly, E.D. Local Rule 280(a) requires that "all counsel shall proceed with reasonable diligence to take all steps necessary to bring an action to issue and readiness for pretrial conference and trial."

determining whether to dismiss a claim for failure to prosecute in particular, a court should consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Benzelet, 963 F.3d 1258, 1260-61 (9th Cir. 1992)). The burden of establishing the propriety of dismissal upon consideration of these factors rests with the defendant. Johnson v. Pluralsight, LLC, No. 2-16-CV-01148-MCE-CKD, 2019 WL 2184954, *1, *3 (E.D. Cal. May 21, 2019). Whether to dismiss an action under Rule 41(b) is a matter soundly within the Court's discretion. See Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir. 1984).

**B.    Amendment to Scheduling Order**

The Court's scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause." Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

## ANALYSIS

As the success of Plaintiff's Motion to Amend necessarily depends upon the denial of Defendant's Motion to Dismiss, the Court addresses these motions together. Defendant argues this Court should grant its Motion to Dismiss and deny Plaintiff's

Motion to Amend because: (1) Plaintiff failed to comply with the IPTSO by neglecting to conduct discovery within the 365-day time limit prescribed by the IPTSO, which prejudiced the Defendant; and (2) Plaintiff cannot establish good cause to modify the IPTSO. Def.'s Mem. Supp. Mot. To Dismiss at 4:14-5:9.

### A.  Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(b)

In this case there has been no showing of willful delay by the Plaintiff during the discovery process. Rather, in response to Defendant's Motion, Plaintiff argues he has reasonably and diligently prosecuted his case despite several delays caused by: the late substation of defense counsel, the extended period of time necessary to adjudicate the Defendant's first motion to dismiss, and the suspension of discovery at Defendant's request to pursue mediation. Pl.'s Opp'n to Def.'s Mot. To Dismiss at 7:27-10:20. Plaintiff argues that beginning as early as January 2018, Defendant and Plaintiff agreed to suspend discovery and the federal investigation in order to pursue alternative dispute resolution, which resulted in mediation being set for mid-June 2018. Id. at 8:1-14. However, this effort was halted when Defendant's new counsel, Breen, was hired around June 8, 2018. Id. at 8:16-18.

During this time, Plaintiff argues that both parties were awaiting this Court's decision regarding Defendant's first Motion to Dismiss in order to conduct the proper scope of discovery. Id. at 8:18-20. Once this Court issued its decision, Plaintiff argues that Defendant again expressed interest in conducting settlement negotiations rather than expending resources on discovery. Id. at 9:8-10. Although the parties attempted to mediate, the effort fell through when Defendant reneged on the parties' prior agreement to mediator Michelle Reinglass. Id. at 9:19-24. Plaintiff emphasizes that he attempted in April 2019 to engage Defendant in a telephonic discovery conference and requested the parties jointly stipulate to extend the discovery deadlines that had passed; however, after requesting Plaintiff complete the necessary draft of the Federal Rule of Civil Procedure 26 report, Defendant rejected Plaintiff's request for a conference and once

again proposed the parties seek informal resolution rather than expending costs in discovery. Id. at 9:25-10:7.

To the extent Plaintiff argues that this Court contributed to Plaintiff's failure to conduct discovery within the required 365-day time limit, his argument is not well taken. This Court specifically stated in its IPTSO that the order "shall not be modified except by leave of court upon a showing of **good cause.**" IPTSO, ECF No. 3 at 7:2-4 (emphasis in original). Plaintiff was fully capable of filing a motion to amend before the discovery deadline passed, irrespective of the time it took this Court to issue its order. However, based on Plaintiff's continuous efforts to mediate, negotiate, and settle; Plaintiff's efforts in litigating a parallel administrative complaint against Defendant; and Defendant's dilatory conduct of initiating and agreeing to negotiation and settlement efforts and subsequently reneging on those efforts, this Court finds that Plaintiff acted with reasonable diligence.[3]

Moreover, there has not been sufficient prejudice to justify involuntary dismissal in this case. As discussed above, it is Defendant's burden to show the propriety of dismissal upon the factors to be considered by the Court. Johnson, 2019 WL 2184954 at *3. The only factor that Defendant addresses is prejudice. Def.'s Mem. Supp. Mot. To Dismiss at 4:28-5:9; see generally Def.'s Reply Supp. Mot. To Dismiss, ECF No. 29. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642. "Prejudice itself usually takes two forms-- loss of evidence and loss of memory by a witness." See Nealey v. Transportacion Maritima Mexicana, S. A., 662 F.2d 1275, 1281 (9th Cir. 1980). The Ninth Circuit made it clear in Nealey that a case should not be dismissed for failure to prosecute unless there is prejudice to the defendant caused by the delay. Id. at 1279-81. The passage of time in and of itself is

---

[3] Although Defendant argues it never entered into a stipulation to stay discovery, and that even if it did, this would not suffice to modify the order, this argument is not relevant to the Court's analysis of whether Plaintiff acted with reasonable diligence in prosecuting this action. The Defendant's conduct of initiating interest in settlement, negotiation, and mediation efforts shows it was contributing to the prolonged delay in this case, regardless of whether a stipulation would qualify to modify the IPTSO.

therefore insufficient to show prejudice.  See Cherry v. Brown-Frazier-Whitney, 548 F.2d 965, 969 (D.C. Cir. 1976) (a "[m]ere lapse of time does not warrant dismissal when the plaintiff has been diligent throughout").

Defendant argues it has been prejudiced by Plaintiff's delay in conducting discovery because key witnesses are no longer employed by or under Defendant's control to compel their testimony and are therefore unavailable to testify and refute Plaintiff's allegations.  Def.'s Reply Supp. Mot. To Dismiss at 2:14-4:28.  However, as Plaintiff points out, Defendant provides no explanation as to why these witnesses cannot be reached through the federal subpoena process, and Defendant's alleged prejudice is relatively insignificant because the claims in this action are almost exclusively wage and hour claims where discovery "would be based primarily upon document production and person most qualified deposition(s)."  Pl.'s Reply Mot. to Amend, ECF No. 30 at 9:15-10:3.  Further, Defendant fails to argue any sort of loss of memory or evidence due to the delay in discovery and suggests only that the witnesses are no longer able to be compelled by the Defendant.  Therefore, Defendant has not shown Plaintiff's actions impaired Defendant's ability to go to trial or threatened to interfere with the decision of the case as Defendant has not shown it is now unable to depose necessary witnesses.  Thus, this factor weighs in favor of denying the dismissal.

An analysis of the other four Pagtalunan factors also supports the denial of Defendant's Motion to Dismiss.  While the public's interest in the expeditious resolution of litigation and the Court's need to manage its docket points towards the importance of timeliness in moving cases forward, the roughly one-year delay here is not extreme, particularly given the highly-impacted caseload of this Court, where civil cases frequently must wait at least three years before the Court's schedule can accommodate a trial.  Further, public policy favors disposition of cases on their merits, and dismissing the present case on procedural grounds runs afoul of that interest, particularly given the DOL's recent adoption of a merit-based finding in the course of its investigation.  Lastly,
///

there is no suggestion that less drastic alternatives to dismissal have been considered. In conclusion, Defendant's Motion to Dismiss is DENIED.

### B. Plaintiff's Motion to Amend the Pretrial Scheduling Order

Inasmuch as the Court declines to dismiss the matter, it next turns to Plaintiff's request that the IPTSO be modified. In order to modify a pretrial scheduling order, the requesting party must show good cause, which primarily depends on whether the party seeking to amend has acted diligently. Fed. R. Civ. Proc. 16(b)(4); Johnson, 2019 WL 2184954 at *3; IPTSO at 7:2-4. Although Defendant offers a conclusory and unsupported argument that Plaintiff cannot show good cause, this Court has already determined that Plaintiff exercised reasonable diligence in prosecuting this action by attempting in good faith to mediate and negotiate on multiple occasions with both of Defendant's counsel and litigating the parallel administrative complaint despite multiple delays. Since Defendant's Motion to Dismiss has been denied as set forth above, a new scheduling order is necessary in order for this case to proceed. Plaintiff's Motion to Amend the Pretrial Scheduling Order is accordingly GRANTED.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend the Pretrial Scheduling Order (ECF No. 24) is GRANTED and Defendant's Motion to Dismiss (ECF No. 22-1) is DENIED. The Court will issue an amended scheduling order affording the parties 120 days to complete necessary fact discovery, with other deadlines to be calculated accordingly.

IT IS SO ORDERED.

Dated: January 10, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

9