UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STONECYPHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>IASCO FLIGHT TRAINING INC., a California corporation,<br><br>Defendant. | No. 2:17-cv-02409-MCE-EFB<br><br>**ORDER** |

Through the present lawsuit, Plaintiff Matthew Stonecypher ("Plaintiff") seeks damages from his former employer, Defendant IASCO Flight Training, Inc. ("Defendant" or "IASCO") stemming from his six-month tenure as a certified flight instructor for Defendant. According to Plaintiff, he was retaliated against and ultimately terminated for complaining that Defendant, in operating its business, was violating regulations enacted pursuant to the Federal Aviation Act of 1958, 49 U.S.C. §§ 40103, et seq. ("FAA"). Plaintiff further claims that Defendant violated various state mandated wage and hour laws in failing to pay overtime.

By Memorandum and Order filed September 17, 2018 (ECF No. 19), this Court granted Defendant's Motion to Dismiss and to Strike (ECF No. 8) as to Plaintiff's state law claims for retaliation and wrongful termination pursuant to California Labor Code

§§ 1102.5, 98.6, and public policy, as set forth in the Sixth, Seventh and Eighth Causes of Action in Plaintiff's Complaint (ECF No. 1).  While recognizing that not all such claims under California law were subject to FAA field preemption, the Court nonetheless found Plaintiff's claims were preempted to the extent they "encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle to the accomplishment of Congress's legislative goal to create a single, uniform system of regulating the field." ECF No. 19, 8:13-15, citing Ventress v. Japan Airlines, 747 F.3d 464, 470 (9th Cir. 2014).  Consequently, the Court dismissed and ordered stricken the allegations in the Complaint touching upon airline safety in violation of FAA regulations, but permitted the causes of action to stand insofar as they implicated California's own wage and hour concerns, as to which no preemption claim had been asserted.  In accordance with the Court's September 17, 2018 Memorandum and Order, Plaintiff filed a First Amended Complaint on October 5, 2018 (ECF No. 20) which deleted his cause of action for retaliation in violation of California Labor Code § 1102.5, and repleaded his claims for retaliation under California Labor Code § 98.6 and for wrongful termination in contravention of public policy.

    Now before the Court is a Motion (ECF No. 31) filed by Plaintiff for reconsideration of the Court's previous September 17, 2018, Memorandum and Order pursuant to Federal Rule of Civil Procedure 54(b)[1] and E.D. Local Rule 230(j).   Plaintiff's Motion cites a November 21, 2019, decision from the United States Department of Labor in the parallel administrative action Plaintiff filed as to his retaliation claims, in addition to the instant federal lawsuit, on or about November 14, 2017.[2]   Decl. of Dat Tommy Phan, ECF No. 31-1, ¶ 5, Ex. A. That decision informed the parties that agency no longer had jurisdiction to pursue Plaintiff's retaliation and unlawful termination claims because of a recent decision by the Administrative Review Board ("ARB"), issued September 12,

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] This action was commenced the following day, on November 15, 2017.  ECF No. 1.

2

2019, in the matter entitled <u>Aziz Aityahia v. Aviation Academy of America</u>. <u>Id.</u> at ¶ 9, Exs. E, F.  The Department of Labor found that Defendant was no longer subject to FAA retaliation protection under 49 U.S.C. § 42121 ("AIR 21") because, like the Aviation Academy of American in the ARB decision, IASCO was a flight school that contracted only with foreign air carriers and did not otherwise move passengers, cargo or mail for profit.  Consequently, according to the Department, IASCO did not engage in commerce as defined by the ARB decision and did not fit within AIR 21's definition of an "air carrier of contractor or subcontractor of an air carrier" for which employees are granted federal protection from retaliation.  42 U.S.C. § 14121(a).

Given the Department of Labor's decision that it lacks jurisdiction over any retaliation/wrongful termination issues raised by Plaintiff against IASCO which implicated airline safety, and because this Court's previous order necessarily presupposed such jurisdiction, Plaintiff requests reconsideration of that order on grounds that the Department of Labor's decision declining to exercise jurisdiction presents new and changed circumstances which merit reconsideration.

Rule 54(b) vests the Court with the authority to revise ay prior order adjudicating some but not all claims at any time prior to entering a judgment disposing of the entire action.  <u>See also</u> E. D. Local Rule 230(j) (authorizing reconsideration of any motion that has been granted or denied either in whole or in part).  The Court consequently has "inherent jurisdiction to modify, alter or revoke" a non-final order like the Court's previous September 17, 2018 Memorandum and Order granting Defendant's Motion to Dismiss. <u>United States v. Martin</u>, 226 F.3d 1042, 1048-49 (9th Cir. 2000).  The Ninth Circuit has "long recognized the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory." <u>Credit Suisse First Boston Corp. v. Grunwald</u>, 400 F.3d 1119, 1124 (9th Cir. 2005).

In addition to seeking reconsideration of this Court's prior Memorandum and Order, Plaintiff also seeks leave to file a Second Amended Complaint to reallege the

///

previously dismissed safety-related retaliation complaints and to amend the operative Scheduling Order to the extent those complaints are indeed resurrected.

This Court's own local rules make it clear that an application for reconsideration is proper when "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion", and "where other grounds exist for the motion", provided the applicant shows "why the facts or circumstances were not shown at the time of the prior motion." E.D. Local Rule 2330(j)(3), (4).  Reconsideration is accordingly proper where there has been an intervening change in controlling law, where new evidence has become available, and when necessary to correct clear error or prevent manifest injustice.  See School Dist., No. 1J, Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also All Hawaii Tours Corp., v. Polynesian Cultural Center, 116 F.R.D. 645, 648 (D. Hawaii 1985), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).

The Department of Labor's November 2019 decision that it lacked jurisdiction to continue pursuing a claim that it had been investigating for two years, based on a very recent ARB decision, unquestionably implicates new facts and materially changed circumstances that were not present at the time the Court originally decided Defendant's Motion to Dismiss and Strike in September 2018.  This is particularly true given the fact that the Department's investigation was virtually complete, with Department personnel going so far as to inform Plaintiff that the Regional Solicitor's office had adopted the federal investigator's recommendation of a merit finding against Defendant, with Plaintiff being requested to start assembling documentation for the resultant damages, including back pay, front pay, compensatory damages, punitive damages and attorney's fees. See Phan Decl., ¶ 8, Ex. D.  The Department's decision to withdraw from the case at that late juncture presents changed circumstances of the most fundamental sort.  Even more importantly, the Department's decision that it lacked jurisdiction undercuts the legal basis for the Court's dismissal of any airline safety related claims as falling within the purview of the FAA so as to ensure a "single, uniform system of regulating the [aviation]

field." Ventress v. Japan Airlines, 747 F.3d at 470.  If the federal agency enforcing FAA regulations determined, as it did here, that it lacked any basis for regulating the retaliation that Plaintiff claims to have endured, it makes no sense whatsoever to defer to that agency's determination by way of field preemption.

Defendant's arguments in support of a different result are not persuasive.  First, to the extent that Defendant urged the Court to defer its ruling until after Defendant's August 15, 2019, Motion to Dismiss was adjudicated, on grounds that granting that motion would make the present motion moot, that argument lacks merit since the August 15, 2019 motion was denied on January 13, 2020.  ECF No. 34.  In addition, the Court has also already amended the Scheduling Order to afford Plaintiff additional time to complete discovery given delays occasioned by defense counsel's purported desire to mediate the case and to avoid discovery costs, only to later renege on attempts to do so.[3]  Defendant's objection to Plaintiff's request that any reinstated claims relate back to the original complaint is equally unavailing given Plaintiff's argument that his objective in making that request was only for statute of limitations purposes and had nothing to do with any concession (as Defendant appears to allege) that his factual basis for doing so already existed at the time the Complaint was filed.  Since Plaintiff pursued his administrative claims concurrently with his pursuit of this lawsuit, and since both actions derived from the same set of circumstances, Defendant cannot now assert that claims abandoned administratively through no fault of Plaintiff should not relate back to the original filing of this matter in 2017.

Finally, despite Defendant's assertion otherwise, any notion that Plaintiff's Motion is improperly "conflated" because it has several moving parts is equally misguided. Filing one motion seeking both reconsideration, leave to file an amended complaint based on that reconsideration, and further amendment of the operative Scheduling

///

---

[3] This matter was subsequently stayed given the pendency of the present motion, and Plaintiff seeks an additional Supplemental Scheduling Order to be operative once that stay is lifted.

Order is far more sensible than filing consecutive motions which would do nothing more than further clog this Court's already-crowded docket.

For all the above reasons, Defendant's Motion for Reconsideration Seeking Leave to File Seconded Amended Complaint and Amend Scheduling Order (ECF No. 31) is GRANTED.  Plaintiff is directed to file his proposed Second Amended Complaint (as attached to the Motion), not later than five (5) days after the date this Order is electronically filed.  This Motion having now been adjudicated, the Court's stay of proceedings pending this determination (ECF No. 37) is hereby LIFTED.  Finally, given the lifting of that stay and the additional claims now being asserted, the Court will separately issue a Second Supplemental Scheduling Order extending the date for completion of fact discovery until 180 days after the date of this Order, with other deadlines being calculated accordingly.

IT IS SO ORDERED.

Dated:  May 19, 2020

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE