1  Rob Hennig (SBN 174646)
   rob@employmentattorneyla.com
2  Brandon Ruiz (SBN 264603)
   brandon@employmentattorneyla.com
3  Dat Tommy Phan (SBN 316813)
   dat@employmentattorneyla.com
4  HENNIG KRAMER RUIZ & SINGH, LLP
   3600 Wilshire Blvd., Suite 1908
5  Los Angeles, CA 90010
   Telephone: (213) 310-8301
6  Fax: (213) 310-8302

7  Attorneys for Plaintiff MATTHEW STONECYPHER

8

9  Michael D. Bruno (SBN 166805)
   mbruno@grsm.com
   Joseph P. Breen (SBN 124330)
10 jbreen@grsm.com
   Natalie B. Fujikawa (SBN 258724)
11 nfujikawa@grsm.com
   GORDON REES SCULLY MANSUKHANI, LLP
12 275 Battery Street, Suite 2000
   San Francisco, CA 94111
13 Telephone: (415) 875-4242
   Fax: (415) 986-8054
14
   Attorneys for Defendant IASCO FLIGHT TRAINING, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW STONECYPHER, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>IASCO FLIGHT TRAINING INC., a California corporation,<br><br>    Defendant. | **CASE NO. 2:17-cv-02409-MCE-JDP**<br><br>**JOINT STIPULATION AND ORDER APPROVING PAGA SETTLEMENT AND DISMISSING FIFTH CAUSE OF ACTION**<br><br>Judge:  Hon. Morrison C. England, Jr.<br>Courtroom: 7<br>Mag. Judge: Hon. Jeremy D. Peterson<br>Courtroom: 9 |

1

JOINT STIPULATION AND ORDER RE SETTLEMENT OF PAGA CLAIMS

**PROCEDURAL HISTORY**

1) Plaintiff Matthew Stonecypher ("Stonecypher" or "Plaintiff") filed this action against Defendant IASCO Flight Training, Inc. ("IASCO"), including his allegations under the Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq*. ("PAGA"), on or about November 15, 2017, in the United States District Court for the Eastern District of California (the "Action"). The "Covered Period" for the Action is November 16, 2016 through the effective date of this Stipulation.

2) On or about November 16, 2017, Plaintiff filed an administrative PAGA complaint ("PAGA Notice") with the California Labor and Workforce Development Agency ("LWDA") via online submission and served the PAGA Notice on IASCO via U.S. Certified Mail.

3) On October 5, 2018, Plaintiff filed a First Amended Complaint to add Plaintiff's claim for civil penalties under the PAGA.

4) On May 4, 2020, Plaintiff filed a Second Amended Complaint to add claims that had previously been filed with OSHA, but which had been dismissed due to lack of jurisdiction on or about November 22, 2019.

5) The Parties participated in a private mediation on March 8, 2021 with the Hon. John Leo Wagner (Ret.), a well-reputed mediator with specific expertise in California employment law, wage and hour actions, as well as PAGA actions. The Parties reached a settlement for Plaintiff's PAGA claims at mediation (the "Settlement").

6) The Parties understand that the Court must approve the Settlement for it to be binding, and request such approval in this Stipulation. *See* Lab. Code, § 2699(l)(2) (requiring Court approval for "any penalties sought as a part of a proposed settlement" of a PAGA action on a representative basis); *see also Arias v. Superior Court* (2009) 46 Cal.4th 969 (parties are not obligated to follow class action procedure in PAGA cases and therefore need not obtain approval of the PAGA settlement thorough a motion for preliminary or final approval). Accordingly, the Settlement is contingent upon the

approval by the Court and shall be void if the Court does not grant the approval requested.

7) Plaintiff and Plaintiff's counsel have diligently pursued an investigation of Plaintiff's PAGA claim against Defendant. Based on their own independent investigations and evaluations, the Parties and their respective counsel are of the opinion that the amount of consideration and terms set forth in this Settlement are fair, reasonable and adequate and are in the best interests of the Plaintiff, the PAGA aggrieved employees, and Defendant in light of all known facts and circumstances and the risks inherent in litigation, including potential appellate issues.

8) The parties reached a Settlement on March 8, 2021 at approximately 7:49 p.m., after a full day of mediation with Judge Wagner after accepting his mediator's proposal including, in pertinent part, that Defendant will pay the total sum of $40,000 to resolve Plaintiff's PAGA claim. The Parties' acceptance of Judge Wagner's mediator's proposal also resolved Plaintiff's individual claims asserted in the Action.

## **APPROVAL OF PAGA PENALTIES**

9) This Settlement meets the various standards for approval required by Labor Code Section 2699(l)(2), which states: "The superior court shall review and approve any settlement of any civil action filed pursuant to this part. The proposed settlement shall be submitted to the agency at the same time that it is submitted to the court."

10) Although there is no dispositive case law establishing a standard for the Court's review and approval of PAGA penalties, Senator Joseph L. Dunn stated with regard to the Legislature's intent that, "The purpose of the court review of penalties in subdivision (l) is to ensure that settlements involving penalties arising under Labor Code Section 2699 do not undercut the dual statutory purposes of punishment and deterrence, or result in unjust, arbitrary and oppressive, or confiscatory settlements." *See* Senate Daily Journal, 2003-2004 Regular Session, Letter dated July 29, 2004, pp. 4754-55, attached hereto as **Exhibit A**.

11) In the PAGA claim, Plaintiff seeks civil penalties arising from the general allegation that Defendant misclassified Certified Flight Instructors ("CFI") as exempt employees, and thus failed to pay minimum and overtime wages, provide proper meal and rest breaks, furnish accurate itemized wage statements, and timely pay all wages due and owing upon separation of employment.

12) Under the recent California Supreme Court case *Z.B., NA v. Superior Court* (2019) 8 Cal.5th 175, 241, unpaid wages may not be collected as part of an action under the PAGA for remedies under Cal. Lab. Code § 558.

13) Against this backdrop, the parties have agreed to settle Plaintiff's PAGA claim for the total sum of $40,000. Plaintiff requests that Seven Thousand Six Hundred Dollars ($7,600) be allocated as attorneys' fees to compensate Plaintiff's counsel for the time and effort of prosecuting the PAGA claim, and that a maximum of Two Thousand Dollars ($2,000) be allocated to PAGA administration fees, with any excess fees to be distributed to the PAGA aggrieved employees. Of the Thirty Thousand Four Hundred Dollars ($30,400) (the "PAGA Amount"), seventy-five percent (75%) shall be payable to the LWDA in the amount of Twenty-Two Thousand Eight Hundred Dollars ($22,800), and twenty-five percent (25%) shall be payable to the PAGA aggrieved employees in the amount of Seven Thousand Six Hundred Dollars ($7,600). *See* PAGA Settlement Agreement attached hereto as **Exhibit B**.

14) The PAGA Amount shall be allocated proportionately based upon the total number of workweeks for each aggrieved employee during the period between November 16, 2016, and March 8, 2021 (the "Covered Period"), divided by the total number of weeks worked by all CFIs during the Covered Period. The Parties shall engage a Settlement Administrator to distribute payment to aggrieved employees with an accompanying notice. In the event that any settlement check is not cashed within 180 days of the date of payment, the Settlement Administrator will pay such funds, *cy pres*, to California Rural Legal Assistance.

15) The proposed PAGA settlement was submitted to the LWDA on June 3, 2021 in compliance with Labor Code section 2699(l)(2). *See* attached **Exhibit C**.

### **REASONABLE ATTORNEYS' FEES AND COSTS**

16) Labor Code section 2699(g)(1) allows for an award of reasonable attorney's fees and costs to a prevailing plaintiff in an action under the PAGA. Plaintiff requests attorneys' fees in the amount of $7,600 to compensate Plaintiff's counsel for the time and expense of litigating Plaintiff's PAGA claim for nearly 3.5 years, including multiple rounds of discovery, motion practice, and depositions. The scheduling order was amended several times to allow for additional time to conduct discovery. Therefore, the amount of attorneys' fees sought in connection with Plaintiff's PAGA claim are reasonable and fair in light of this extensive litigation.

**Dated: July 1, 2021**               **Hennig Kramer Ruiz & Singh, LLP**

                                                               **By: /s/**_____
                                                                    Rob Hennig
                                                                    Dat Tommy Phan
                                                                    Attorneys for Plaintiffs

**Dated: July 1, 2021**               **Gordon Rees Scully Mansukhani, LLP**

                                                               **By: /s/**_____
                                                                    Joseph P. Breen
                                                                    Natalie B. Fujikawa
                                                                    Attorneys for Defendant

**ORDER**

Having considered JOINT STIPULATION APPROVING PAGA SETTLEMENT,

**IT IS HEREBY ORDERED**,

1. Pursuant to *Labor Code* § 2699(l)(2), Defendants shall pay $40,000 in civil penalties under the PAGA.
2. The Court approves the payment of $2,000 toward the cost of administering the payments to the aggrieved employees under the PAGA;
3. Pursuant to *Labor Code* § 2699(g)(1), Defendant shall pay $7,600 in attorneys' fees and costs to Plaintiff's counsel, Hennig Kramer Ruiz & Singh, LLP; and
4. Of the $30,400 PAGA settlement amount, Defendant shall pay 75% (or $22,800) to the State of California and 25% (or $7,600) to the PAGA aggrieved employees.
5. Plaintiff's Fifth Cause of Action, only, is hereby dismissed, without prejudice. The case proceeds on Plaintiff's remaining claims.

IT IS SO ORDERED.

Dated: July 1, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE